*MHN*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

| | | |
|---|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated and Derivatively on Behalf of NAVTEQ CORPORATION, | ) ) ) ) ) | No. 07-cv-05636 <br><br> Judge John W. Darrah <br> Magistrate Judge Cole |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JUDSON C. GREEN, et al., | ) ) | |
| Defendants, | ) ) | |
| – and – | ) ) | |
| NAVTEQ CORPORATION, a Delaware corporation, | ) ) ) | |
| Nominal Defendant. | ) ) ) | |

## FINAL JUDGMENT

This matter came before the United States District Court for the Northern District of Illinois, Eastern Division (the "Federal Court") for hearing pursuant to the Order of this Federal Court, dated August 27, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated August 7, 2008 (the "Stipulation"). Due and adequate notice having been given to NAVTEQ shareholders as required in said Order, and the Federal Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Federal Court has jurisdiction over the subject matter of the Federal Action and over all parties to the Federal Action, including all Members of the Class.

3.      The Federal Court does hereby approve the Stipulation and the settlement set forth therein. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Federal Action, and all claims contained therein, including all of the Settled Claims, are hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Plaintiffs and the other Members of the Class that were or could have been asserted against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.      Pursuant to Federal Rule of Civil Procedure 23, the Federal Court certifies for purposes of effectuating this settlement only, a Class of all Persons or entities who were record or beneficial owners of NAVTEQ common stock as of July 30, 2007 through and including the sale of NAVTEQ as contemplated in the Acquisition, July 10, 2008, and their successors-in-interest and transferees. Excluded from the Class are Defendants, members of the immediate family of any

- 1 -

Individual Defendant, any entity in which a Defendant has or had a controlling interest, officers of NAVTEQ and Nokia, and the legal representatives, agents, executors, heirs, successors, or assigns of any such excluded person. Also excluded from the Class are those Persons who timely and validly excluded themselves therefrom.

5.      With respect to the Class, this Federal Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Federal Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

6.      This Federal Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to each of the Settling Parties, and the Settling Parties are hereby directed to perform its terms.

7.      Upon the Effective Date hereof, the Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims including Unknown Claims against the Released Persons.

8.      All Class Members are hereby forever barred and enjoined from prosecuting the Settled Claims (including Unknown Claims) against the Released Persons.

9.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Plaintiffs from all claims,

- 2 -

including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims.

10.     The Notice of Pendency and Proposed Settlement of Class and Derivative Actions given to NAVTEQ shareholders was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.     The Federal Court, having considered the nature of the Actions and the results obtained on behalf of NAVTEQ and the Class, hereby orders that NAVTEQ or its successor shall pay the sum of $1,000,000 in attorney fees and expenses to Plaintiffs' Settlement Counsel in accordance with, and subject to the terms and conditions of ¶¶5.1-5.2 of the Stipulation.

12.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Federal Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _December 9, 2008_

_____
THE HONORABLE JOHN W. DARRAH
UNITED STATES DISTRICT JUDGE

C:\DOCUME~1\dscott\LOCALS~1\Temp\11\MetaSave\ORD JUDG 00055756.doc

- 4 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 25, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail

addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on November 25, 2008.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:elleng@csgrr.com

**EXHIBIT 1**

October 13, 2008

Ellen Gusikoff Stewart
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

REC'D OCT 2 1 2008

Dear Ms. Stewart,

Regarding *Monroe County Employee's Retirement System v. Green, et al., No. 07-cv-05636* the pending and proposed settlement of class and derivative Actions against Defendents: NAVTEQ, Judson C. Green, Christopher B. Galvin, Richard J.A. de Lange, Andrew J. Green, Dirk-Jan van Ommeren, William L. Kimsey and Scott D. Miller:

 Please accept my request to be excluded from the Class.

Peggy Lingen


Work –
Cell –

At the time NAVTEQ was acquired by Nokia, I owned 100 shares of common stock.

I wish to be excluded from the Class.

Thank you.

Sincerely,

*Peggy Lingen*

Peggy Lingen

**Exhibit 1**



17 OCT 2008 PM 7 T

ELLEN GUSIKOFF STEWART
COUGHLIN STOIA GELLER RUDMAN & ROBBINS
655 W Broadway - Suite 1900
San Diego, CA 92101 - 3301

32101+8458

LINGEN

10/28/2008

Ellen Gusikoff Stewart
Coughlin, Stoia, Geller, Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, GA 921-3301

Michel Guillet


To Whom It May Concern:

I would like to be excluded from the class of the pending NAVTEQ lawsuit.

As of July 30, 2007, I owned 100 shares of NAVTEQ stock that was purchased on October 10, 2006.

Please contact me at the above address or telephone number should you require more information regarding my exclusion.

Thank you in advance for your assistance.

Sincerely,

Michel Guillet



30 OCT 2008 PM 5 L

Ellen Gusikoff Stewart
Coughlin, Stoia, Geller, Rudman, & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301



Ms. Natalie Guillet

November 11, 2008

Ellen Gusikoff Stewart
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

Tracy A. Nichols
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131

Sara K. Rankin
Kirkland & Ellis LLP
200 East Randolph Drive                                    REC'D NOV 1 8 2008
Chicago, IL 60601

To Whom It May Concern:

Pursuant to the Notice of Pendency and Proposed Settlement of Class and
Derivative Actions regarding Navteq Corporation before the United States District
Court for the Northern District of Illinois and the Circuit Court of Cook County
Illinois, please accept this as my written request to be excluded from the Class. I
may participate in another lawsuit against the Defendants and the other Released
Persons relating to the legal claims in this case.

As per the Notice, here is the requested information:
   1) Name: Stephen M. Slifer
   2) Address:

   3) Telephone number:
   4) Number of shares of NAVTEQ common stock owned as of July 30, 2007
      through and including the sale of NAVTEQ as contemplated in the
      Acquisition, July 10, 2008: 1,700 shares

Sincerely,

Stephen M. Slifer

24 NOV 2008 PM 4 L

ELLEN GUSIKOFF STEWART
COUGHLIN STOIA GELLER RUDMAN + ROBBINS LLP
655 WEST BROADWAY, SUITE 1900
SAN DIEGO, CA
92101 -3301

92101+8494

S. SLIFER

REC'D NOV 21 2008

11/15/08

To:
Cochran Stoia Geller, Rudman & Robbins LLP
Holland and Knight
Kirkland & Ellis LLP

To whom it may concern,

I am writing to be excluded from the class lawsuit of defendants Judson Greer, Christopher O. Galvin, Richard J.A. de Lange, Andrew Green, Dirk-Jan van Ommeren, William L. Kinsey, and Scott D. Miller. I wish to have no part in this lawsuit.
My full name is Jane M. Evanlis
Address is above, phone number is
On July 30, 2007, I owned 611 shares and 1466 options of Navteq Stock; On July 10, 2008 I owned 1466 options of Navteq Stock

Thank you,
Jane M Evanlis

JANE M EVANLIS
Jane M Evan

Ms. Jane M. Evans



10T NOV 2008 PM 11 T

Eliza Gusinoff Stewart
Coughlin Stoia Geller Rudman Robbins
655 West Broadway - Suite 900
San Diego, CA 92101 - 3301

92101+8432

November 18, 2008

Michelle Ginder

Ellen Gusikoff Stewart
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

REC'D NOV 2 2 2008

Re: NAVTEQ Corporation Shareholder Litigation

Dear Ms. Stewart:

I am writing to request that I be <u>EXCLUDED</u> from the class action litigation of the shareholders of NAVTEQ Corporation ("NAVTEQ") vs. NAVTEQ, Judson C. Green, Christopher B. Galvin, Richard J.A. de Lange, Andrew J. Green, Dirk-Jan van Ommeren, William L. Kimsey and Scott D. Miller. The following information is provided based on the stipulations in the "Notice of Pendency and Proposed Settlement of Class and Derivative Actions".

Request:        I wish to be excluded from the aforementioned class.

Name:           Michelle Ginder

Address:

Telephone:

Share information:
  Owned at 7/30/07                 20 shares
  Sold on 8/24/07                   (20 shares)
  Shares owned from
    8/24/07 – 7/10/08              0 shares

Sincerely,

*Michelle Ginder*

Michelle Ginder



Ellen Gusikoff Stewart
Coughlin StoiGeller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

S2101Bi9456

Ginder

# ALLAN R. COOPER

p & f:                                            e:

---

October 17, 2008

Ellen Gusikoff Stewart
Coughlin Stoia Geller
Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

Tracy A. Nichols
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131

Sara K. Rankin
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

This is to advise you that we are to be excluded from the Class in your NAVTEQ Corporation
Shareholder Litigation. This notification is provided as specified in the letter from the United States
District Court for Northern Illinois dated September 2, 2008.

Our address and phone information is that printed on this document's letter head stationery.

We owned 400 shares of common stock of NAVTEQ Corporation during the subject period of July 30,
2007 through the sale date of July 10, 2008.

Sincerely,

Allan R. Cooper                          Louise M. Cooper